UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bestop, Inc.

    Plaintiffs,

v.

Tuffy Security Products, Inc.

    Defendants.
_____/

Case No. 2:13-cv-10759

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE [DKT #5]**

Before the Court is Defendant Tuffy Security Products, Inc.'s motion to transfer Plaintiff Bestop, Inc.'s patent infringement claim to the District of Colorado. Plaintiff alleges that Defendant infringed on their United States Patent No. 6,065,794, by making and selling products embodying the patented invention. (Compl. ¶¶ 8, 10.) More specifically, Plaintiff alleges that Defendant made direct sales of the allegedly infringing device in this district. (*Id.*) Plaintiff contends it filed suit in this district because it is the "nerve center" for Plaintiff's operations and, as a result, the most convenient location for key testifying witnesses and location of evidence. (Pl.'s Resp. at 1.) Defendant argues that both Plaintiff and Defendant have their principal places of business in Colorado and, as a result, the most convenient location for key testifying witnesses and location of evidence for the alleged infringement would be there. (Def.'s Mot. to Transfer at 1.) Defendant, therefore, moves the Court to transfer the case to the District of Colorado pursuant to 28 U.S.C. § 1404(a).

For the reasons stated below, the Court DENIES Defendant's Motion to Transfer.

I.  Facts

   A. The Parties

Plaintiff is a "leading supplier of off-road truck and Jeep accessories." (Def.'s Mot. to Transfer, Ex. A, SEMA Article.) Plaintiff has been based in Colorado for over fifty years. [*Id.*]  Plaintiff has a place of business at 2100 West Midway Boulevard, Broomfield, Colorado.[1] (Compl. ¶ 1.)  In 1996, Magna International, Inc., acquired Plaintiff. (Pl.'s Resp. at 2, Ex. A; Smith Aff. ¶ 4).  As a result of that acquisition, Plaintiff became a part of Magna International, which has places of business in Auburn Hills and Troy, Michigan.  (Pl.'s Resp. at 2.) Plaintiff is currently the assignee of all patent rights to the "security enclosure" product made for open deck vehicles. (Compl. ¶ 3.) The purpose of the security enclosure product is for "storing items in a vehicle and … securely storing items on a load deck of a vehicle." (Compl. Ex. A; United States Patent No. 6,065,794).

Defendant is a manufacturer and seller of theft protection products for vehicles. (Compl. ¶¶ 1,9, Ex. B; Tuffy Security Products, Inc. Website).  Defendant sells its products to wholesalers, distributors, and to individual vehicle owners. (Compl. ¶ 10.) Defendant offers its products via the internet, including the allegedly infringing product. [*Id.*]  Defendant is incorporated in Colorado. Its corporate office headquarters is at 25733 Road H, Cortez, Colorado. (Compl. ¶ 2.)  Defendant is a family-operated business. Shawn Gregory, Defendant's President, and his wife run the company. (Compl. at 9.)

   B. Motion to Transfer Supporting Facts

---

[1] Plaintiff's filing with Colorado's Secretary of State in 1992 and most recently in December 2012, confirms that Plaintiff has a place of business located at 2100 West Midway Boulevard, Broomfield, Colorado. (Def.'s Mot. to Transfer, Ex. C, Colorado's Secretary of State Filings.)

In attempting to persuade the Court to transfer this matter to the District of Colorado, Defendant argues the following facts:

- Plaintiff's "nerve center" is in Broomfield, Colorado because that is where Plaintiff's President, Richard A. Sabourin, and Director of Sales and Marketing, Jim Chick, both have registered offices. (Def.'s Mot., Ex. D, Michigan's Secretary of State Filings.)
- Because Plaintiff has been a Colorado-based manufacturer for more than fifty years, it has "a stake in local, state and national political matters." (Def.'s Mot., Ex. A, SEMA Article.)
- All the designing, manufacturing, and selling of the allegedly infringing device occurred in Colorado. (Compl. at 12.)
- Defendant sells its products through its website and has recorded only one purchase of the infringing device from an individual in Michigan. (*Id.*)
- All of the witnesses that perform the sales, marketing, development, and manufacturing of the accused product are in Colorado. (Id. at 9.)
- Cortez, Colorado is only served by a single commercial airline, making it difficult for the witness to travel to Detroit. (Id. at 10.)

Plaintiff responds with its own facts in support of denying the transfer motion:

- Plaintiff's primary operations are located in Michigan and so are its directors after its acquisition by Magna International in 1996. (Pl.'s Resp. at 1.)
- Plaintiff's operations, including designing, engineering, and purchasing are now all managed out of Auburn Hills and Troy, Michigan. (Id. at 2.)

3

- Defendant has substantial contacts with Michigan, including selling its parts through dealers and resellers in Michigan. (Id. at 1.)

## II. Standard of Review

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court deciding a § 1404(a) motion to transfer "has broad discretion to grant or deny" that motion. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal quote and citations omitted).

In making its decision, a court must determine whether (1) "the action could have been brought in the proposed transferee district," (2) "a transfer would promote the interests of justice," and (3) "a transfer would serve the parties' and witnesses' convenience." *Audi AG & Volkswagen of Am., Inc. v. D'Amato,* 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004). *See also Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003). The moving party has the burden to show that § 1404(a)'s requirements are satisfied. *Gen. Motors Co. v. Dinatale,* 705 F. Supp. 2d 740, 752 (E.D. Mich. 2010).

Factors guiding a court's decision as to transfer include:

(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of processes to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Bennett v. Am. Online, Inc.,* 471 F. Supp. 2d 814, 820 (E.D. Mich. 2007). In addition, "the [c]ourt may consider any factor that may make any eventual trial easy, expeditious, and inexpensive." *Audi,* 341 F. Supp. 2d at 749.

### III. Analysis

The Court DENIES Defendant's Motion to Transfer to the District of Colorado and maintain suit in this district. The Court, considering the three elements that the moving party must establish, with the guidance of the above factors, finds this district to be Plaintiff's "nerve center," the most convenient location for key witnesses, and the location where the allegedly infringing product has been sold.

#### A.  Plaintiff could have brought the action in Colorado

In a patent infringement action, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Here, because Defendant's principal place of business is in Cortez, Colorado, Plaintiff could have brought this action in the United States District Court for the District of Colorado. *Amphion, Inc. v. Buckeye Elec. Co.,* 285 F. Supp. 2d 943, 947 (E.D. Mich. 2003) (holding that Defendants could have brought action in the Southern District of Ohio, since "Defendants reside[d] and [had] their principal place of business there").

#### B.  Given Plaintiff's representations, the Court defers to Plaintiff's choice of forum

In general, "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue..." *Gen. Motors Co. v. Dinatale,* 705 F. Supp. 2d at 752 (quoting *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 413 (6th Cir. 1998)). However, a plaintiff's chosen forum is not absolute, and "will not defeat a well-

founded motion for change of venue." *Audi,* 341 F. Supp. 2d at 750. Courts are more willing to overlook a plaintiff's forum choice "where a plaintiff has little or no connection to the chosen forum. *Id.* (citing *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999)). In such an instance, "the plaintiff's reason for choosing the forum-and remaining in the forum-is diminished and thus [is deserving of] less weight." *Id.*

A plaintiff has a substantial connection to the chosen forum if its principal place of business is located within that district. The principal place of business refers to "the places where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). This place is what courts refer to as a corporation's "nerve center," "where the corporation maintains its headquarters… and not simply an office where the corporation holds its board meetings." *Id.*

Defendant argues that Plaintiff's "nerve center" is located in Colorado. Defendant alleges that Plaintiff has been a Colorado-based business for more than fifty years and continues to maintain its headquarters there. (Def.'s Mot. to Transfer at 17.) Defendant argues that Plaintiff has a registered business address and place of business located in Michigan, after being acquired by Magna International, fails to constitute as Plaintiff's "nerve center." *Id.* Defendant provides the following support for its allegations: (1) On Plaintiff's website, under the contact info, Colorado is listed as Plaintiff's business address as of May 22, 2013; (Def.'s Mot., Ex. E, Bestop's Website.); (2) Trademark registration filing with the PTO lists Plaintiff's Colorado address as of April 13, 2012 (Def.'s Mot., Ex. F, Trademark Registration Filing.); (3) Assignment of trademark, from

Bradley Schlachter to Plaintiff, lists Colorado as Plaintiff's business address (Def.'s Mot., Ex. G, Patent Assignment Filing.); and (4) Plaintiff's President, Richard A. Sabourin, and Director of Sales and Marketing, Jim Chick, both have registered offices in Colorado. (Def.'s Mot., Ex. D, Michigan's Secretary of State Filings.)

In response, Plaintiff argues that although it does have an operation in the Denver, Colorado area, its "nerve center" is located in Michigan, after being acquired by Magna International in 1996. (Pl.'s Resp. at 1.) Plaintiff alleges that its Colorado operation is directed and controlled by its officers, directors, and employees, who are located in this district. (Pl.'s Resp. at 7.)[2] Plaintiff adds that the design, engineering, and purchasing are all managed out of Auburn Hills and Troy, Michigan. (Pl.'s Resp. at 2.) In Plaintiff's 2013 filing with the Michigan Secretary of State, only one out of the five listed directors has a Colorado address. (Def.'s Mot., Ex. D, Michigan's Secretary of State Filings.)

After weighing the evidence, it seems that Plaintiff's Colorado operations are directed and coordinated out of Michigan, as a majority of its directors and employees are located in this district. Although the Court agrees with Defendant that some of its directors and employees are located in Colorado, including President Richard A. Sabourin and Director of Sales and Marketing, Jim Chick, the Court nonetheless finds that Plaintiff's "nerve center" is located in Michigan because the allegedly infringing product is sold in this district and Plaintiff's engineers, who will testify as to the extent of the infringement of Plaintiff's product, are located in this district. As a result, Plaintiff has

---

[2] Plaintiff's directors and employees that work in this district include: David A. Smith, Joseph P. Pittel (Director), John M Stimac (Director), Eric Getzchman (Project Manager), Eric Hanson, Fred Wisdom (Senior Buyer), Steve Lewis (Senior Design Engineer), Duane Junkin (Design Engineer), Bill Haberkamp (Project Engineer), Florin Avram (Designer), Jeff Humpries (Aftermarket Sales), Keijo Huotari (Advanced Engineering), Dino DeAngelis (General OEM Sales Manager).

a substantial connection to the Eastern District of Michigan and its choice of forum is entitled to deference.

## C. The interests of justice and convenience favor the Eastern District of Michigan

### 1. Witnesses' convenience favors Plaintiff

Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a). *Audi,* 341 F. Supp. 2d at 750. Some courts have considered convenience of witnesses to be "probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a)." *Id.* (citing *MCNIC Oil & Gas Co. v. IBEX Resources Co.,* 23 F. Supp. 2d 729, 738-39 (E.D. Mich. 1998)). In weighing the convenience of witnesses, the location of key witnesses is more important than the location of a larger number of less important witnesses. *Crestmark Fin. Corp. v. Omo Sci., Energy & Tech., Inc.,* 10-11795, 2010 WL 3702371, at *4 (E.D. Mich. Sept. 16, 2010). *See also Audi,* 341 F. Supp. 2d at 750 (observing that a "more important [fact] than the raw number of witnesses living in a particular jurisdiction is the residence of the key witnesses.") The moving party should "provide each witness's names and an outline of the material testimony each witness will provide." *Id.* In this district, courts have held that "convenience of witnesses who are also employees is considered as part of a motion to transfer and is not discounted." *Id.*

Here, Defendant contends that its potential fact witnesses relating to sales, marking, development, and manufacturing of the alleged infringing products are located in Colorado. (Def.'s Mot. to Transfer at 9.) Defendant provides a list of five material witnesses and a brief statement as to their potential testimony. (Def.'s Resp., Ex. B,

8

Michigan's Secretary of State Filings.) Plaintiff counters by providing a more extensive list of key fact witnesses that it contends are located in this district (Pl.'s Resp. at 2.) Plaintiff's potential key witnesses include the director of engineering, several other engineers, and some of its directors/officers, who reside and work in this district. (*Id.*) The potential key witness will be providing testimony in regards to Plaintiff's engineering, sales, and administration operations, which will be relevant to the patent infringement action at hand.

Plaintiff also argues that Defendant failed to identify two potential key witness, the inventor of the patent at issue, Bradley S. Schlachter, and the attorney responsible for the prosecuting the patent application, Jeffrey M. Becker. This argument is irrelevant as neither of the two potential key witnesses resides in Michigan or Colorado, and as a result, the inconvenience would be the same, if either venue is chosen.

Defendant argues that Cortez, Colorado is only served by a single commercial airline, making it difficult for the witnesses to travel to Detroit. (Def.'s Mot. to Transfer at 10.) Defendant adds that Plaintiff is approximately 20 miles away from the U.S District Court of Colorado and Defendant is roughly 470 miles by vehicle. Based on parties' distances, Defendant argues that it would be more convenient to transfer the case to Colorado, instead of requiring both parties to fly to Michigan. This argument fails, as it seems more convenient for Defendant to fly to Detroit than to drive to the District of Colorado's courthouse, since it will take a shorter period of time to fly.[3] (Pl.'s Resp. at 5.) Moreover, the inconvenience of travel would be greater to Plaintiff's witnesses as more material witnesses are located in this District, as provided by Plaintiff. Material

---

[3] Plaintiff's MapQuest illustrates that the drive from Cortex, Colorado to Broomfield, Colorado is approximately 7.5 driving hours. (Pl.'s Resp. at 4.)

witnesses include a number of Plaintiff's directors, officers, and engineers. (Pl.'s Resp. at 2.) These key witnesses will be relevant in testifying the extent of Defendant's alleged infringement, when Defendant allegedly manufacturing and sold the infringing product into this district.

Lastly, there is a discrepancy as to Defendant's activities and sales of the alleged infringed product in Michigan. Defendant argues that it sells its products through its website and has only recorded one purchase of the infringing device from an individual in Michigan. (Def.'s Mot. to Transfer at 12.) On the other hand, Plaintiff alleges more than just one instance of a direct sale to a vehicle owner, it alleges that Defendant sold to at least one original equipment manufacturer (OEM), automotive companies and also to wholesalers and distributors located in this district.[4] (Compl. ¶ 10.) Plaintiff also alleges that Defendant has a designated dealer located in Michigan that sells their products.[5] (Pl.'s Resp. at 3.) It is foreseeable that testimony from individuals located in this district will be required to resolve this factual inconsistency.[6]

For the reasons stated above, witnesses' convenience favors Plaintiff and favors the case remaining in this district.

### 2. Parties' convenience favors Plaintiff

---

[4] Plaintiff states the following example to support their contention that Defendant sells the alleged infringing product through resellers in Michigan: "Jeeperz Creeperz in Wayndotte, Michigan lists several Defendants' products for sale specifically in its sales literature." (Pl.'s Resp. at 3.)

[5] Plaintiff contends that Defendant's website features a "Dealer Locator," which identified a Michigan company as one of Defendants dealers. *Id.*

[6] Potential key witnesses may include individuals that work at the listed dealer location on Defendant's website and any OEM contacts that Defendant may have in Michigan. One particular OEM that Plaintiff mentions is Chrysler/Jeep, which facilities are located in this district and the infringing product is specifically made for. (Pl.'s Resp. at 6.)

Defendant argues that traveling from Colorado to Michigan would be expensive and inconvenient, especially during the winter months. (Def.'s Mot. to Transfer at 10.) Although the Court has recognized that "financial hardship is a legitimate consideration, a conclusory statement of financial hardship is not sufficient." *Crestmark Fin. Corp. v. Omo Sci., Energy & Tech., Inc.,* 10-11795, 2010 WL 3702371, at *4 (E.D. Mich. Sept. 16, 2010). Defendant fails to provide any factual support as to their alleged inability to pay for travel. Ultimately, one party will suffer an inconvenience, and the Court is mindful that "a transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi,* 341 F. Supp. 2d at 749 (citing *Evans Tempcon, Inch. v. Index Indus., Inc.,* 778 F. Supp. 371, 377 (W.D. Mich. 1990)). Therefore, without Defendant sufficiently persuading the Court that justice and convenience warrant a transfer, this factor favors the Plaintiff.

### 3. Location of relevant documents and ease of access to sources of proof favors Plaintiff

Defendant argues that documents and evidence relating to the operations and production of the allegedly infringing product are located in Colorado, and none in this district. (Def.'s Mot. to Transfer at 9.) But, "the location of documentary evidence is a minor consideration." *Audi,* 341 F. Supp. 2d at 751 (quoting *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999)). This is especially true in today's technologically advanced world, because of "parties' abilities to fax, scan, and electronically mail documents." *See Crestmark Fin. Corp. v. Omo Sci., Energy & Tech., Inc.,* 10-11795, 2010 WL 3702371, at *5 (E.D. Mich. Sept. 16, 2010). Since the majority of Defendant's stated potential evidence is electronically formatted, this factor carries little weight and favors neither Plaintiff nor Defendant. *Id.*

11

### 4. Judicial efficiency favors Plaintiff

Defendant, in addition, argues that the witnesses are beyond the subpoena power of the Court. (Def.'s Mot. to Transfer at 15.) This argument fails because: (1) Defendant does not mention any unwilling witnesses that reside outside of Michigan; and (2) Defendant concedes that subpoenas may be obtained from the Colorado District Court to compel attendance for depositions and production of documents. (Def.'s Mot. to Transfer at 15.) Furthermore, Defendant's argument that obtaining such subpoenas would add expense to the litigation and court system is not enough to persuade the Court that transfer would serve judicial efficiency. As a result this factor favors Plaintiff.

### D. Defendant's request for discovery

Defendant argues that the individual that it allegedly sold to in Michigan is actually a network administrator for the law firm of Howard & Howard, which represents Plaintiff in this suit. (Compl. at 12.) Defendant goes as far as alleging that the law firm fabricated this plan to make sure venue was in Michigan. (*Id.*) Defendant requests the Court allow it to conduct limited discovery as to this matter. Because of the totality of the alleged facts in this case, there is no basis to support Defendant's allegations. For this reason, the Court DENIES Defendant's request.

## IV. Conclusion

Because Defendant has failed to persuade the Court that the interest of justice and convenience to the parties and witness warrant a transfer of this matter to the District of Colorado, Defendant's Motion to Transfer Venue is DENIED.

So ordered.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: August 21, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2013, by electronic and/or ordinary mail.

                              s/Johnetta M. Curry-Williams
                              Case Manager
                              Acting in the Absence of Carol Hemeyer