# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BESTOP, INC.,

      Plaintiff/Counter-Defendant,

v.

TUFFY SECURITY PRODUCTS, INC.,

      Defendant/Counter-Plaintiff.

Case No. 2:13-cv-10759-NGE-MJH
Honorable Nancy G. Edmunds
Magistrate Judge Michael J. Hluchaniuk

---

HOWARD & HOWARD ATTORNEYS PLLC
By:    Jeffrey A. Sadowski (P28163)
        Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone:  (248) 645-1483 | Fax: (248) 645-1568
Email: JSadowski@HowardandHoward.com
       DAmburn@HowardandHoward.com

***Attorneys for Plaintiff/Counter-Defendant***

COTÈ LEGAL SERVICES
By:    Matthew D. Cotè (P74430)
884 Beaconsfield Avenue
Grosse Pointe Park, Michigan 48230
Phone:  (313) 332-1234
Email:  Matt@Cote-Law.com

By:    Ramon L. Pizarro (CO21400)
3515 South Tamarac Drive, Suite 200
Denver, Colorado 80237
Phone: (303) 785-2819 | Fax: (303) 689-9627
Email: Ramon@RamonPizarro.com

***Attorneys for Defendant/Counter-Plaintiff***

---

# PLAINTIFF/COUNTER-DEFENDANT BESTOP, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT/COUNTER-PLAINTIFF TUFFY SECURITY PRODUCTS, INC.'S MOTION FOR STAY PENDING APPEAL [DOC. 172]

## TABLE OF CONTENTS

I.   INTRODUCTION AND FACTUAL BACKGROUND ............................1

II.  TUFFY IS NOT ENTITLED TO A STAY OF THESE
     PROCEEDINGS........................................................................3

     A.   Tuffy Has Failed To Make A Strong Showing That
          It Is Likely To Succeed On The Merits................................4

          1.   Because Tuffy's Appeal Violates 28 U.S.C. § 1292(c)(2), Tuffy
               Cannot Possibly Succeed On That Appeal. ..............................4

          2.   Even if Tuffy's Notice of Appeal Was Not Premature, Tuffy
               Still Cannot Succeed On The Merits Of That Appeal. ............6

     B.   Tuffy Has Not Been And Will Not Be Irreparably
          Harmed. ...............................................................................7

          1.   No Injunctive Relief Has Been Granted. ..................................7

          2.   Tuffy's Allegations Of Irreparable Harm Are Entirely
               Insufficient. ..............................................................................8

     C.   Bestop Will Be Irreparably Harmed By A Stay
          And Tuffy Has Not Established Otherwise......................................10

     D.   The Public Interest Does Not Favor A Stay......................................12

     E.   Tuffy Has Not Even Addressed The Requirement
          Of Filing A Bond...............................................................................13

III. CONCLUSION...........................................................................14

# TABLE OF EXHIBITS

**Exhibit A**
    *Callaghan v. SPX Corp.*, 2010 WL 299497 (E.D. Mich. 2010
        Jan. 20, 2010) ....................................................................................4

**Exhibit B**
    *Kia Motors Am., Inc. v. Glassman Oldsmobile Saab Hyundai,
        Inc.*, 2012 WL 1622983, at *2 (E.D. Mich. May 9, 2012) ........................9, 12

**Exhibit C**
    *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 2006 WL
        3446144, at *4 (N.D. Ill. Nov. 29, 2006)................................................ 15, 17

**Exhibit D**
    *Apple Inc. v. Samsung Elec. Co., Ltd.*, 2015 WL 9014387, at
        *5 (Fed.Cir. 2015) ..................................................................... 15, 16

**Exhibit E**
    *EB-Bran Prods. v. Warner Electra Atl. Inc.*, 2006 WL
        932085 E.D. Mich. (Apr. 10, 2006)................................................................18

## ISSUES PRESENTED

I.  Do the four factors of *Hilton v. Braunskill* favor a stay of proceedings pending appeal?

**Defendant/Counter-Plaintiff answers, "Yes."**
**Plaintiff/Counter-Defendant answers, "No."**
**This Court should answer, "No."**

II. Should the Status Quo be preserved for appeal?

**Defendant/Counter-Plaintiff answers, "Yes."**
**Plaintiff/Counter-Defendant answers, "No."**
**This Court should answer, "No."**

# CONTROLLING AUTHORITY

*Grutter v. Bollinger,* 247 F.3d 631 (6th Cir. 2001) ....................................................3

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150 (6th Cir. 1991) ................................................... 3, 6, 9

# TABLE OF AUTHORITIES

## Cases

*Apple Inc. v. Samsung Elec. Co., Ltd.,* 2015 WL 9014387
(Fed.Cir. 2015) ............................................................................. 15, 16

*Baker v. Adams Cty./Ohio Valley Sch. Bd.,* 310 F.3d 927 (6th
Cir. 2002) .............................................................................................11

*Black & Decker, Inc. v. Robert Bosch Tool Corp.,* 2006 WL
3446144 (N.D. Ill. Nov. 29, 2006) ............................................... 15, 17

*Callaghan v. SPX Corp.,* 2010 WL 299497 (E.D. Mich. 2010
Jan. 20, 2010) .......................................................................................4

*Cf. H.A. Jones Co. v. KSM Fastening Sys.,* 745 F.2d 630; 223
USPQ 689 (Fed. Cir. 1984) ...................................................................5

*EB-Bran Prods. v. Warner Electra Atl. Inc.,* 2006 WL 932085
E.D. Mich. (Apr. 10, 2006) .................................................................17

*Friendship Materials, Inc. v. Michigan Brick, Inc.,* 679 F.2d
100 (6th Cir. 1982) ................................................................................8

*Goldstein v. Miller,* 488 F.Supp. 156 (D. Md. 1980) ............................10

*Grutter v. Bollinger,* 247 F.3d 631 (6th Cir. 2001) ..................................3

*Hamlin v. Charter Twp. Of Flint,* 181 F.R.D. 348 (E.D. Mich.
1998) ....................................................................................................17

*Kia Motors Am., Inc. v. Glassman Oldsmobile Saab Hyundai,
Inc.,* 2012 WL 1622983 (E.D. Mich. May 9, 2012) ..........................9, 12

*Manakee Prof'l Med. Transfer Serv., Inc. v. Shulala,* 71 F.3d
574 (6th Cir. 1995) ..............................................................................13

*McCullough v. Kammerer Corp.,* 331 U.S. 96; 67 S.Ct. 1165;
91 L.Ed. 1365; 73 USPQ 136 (1947) .....................................................5

*Michigan Coalition of Radioactive Material Users, Inc. v.
Griepentrog,* 945 F.2d 150 (6th Cir. 1991) ................................. 3, 8, 12

*Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n.,* 812
F.2d 288 (6th Cir. 1987) ......................................................................12

*Rappaport v. United States,* 557 F.2d 605 (7th Cir. 1977) .......................6

*Sampson v. Murray,* 415 U.S. 61; 94 S.Ct. 937; 39 L.E.2d 166
(1974)...............................................................................................11

*St. Agnes Hosp. of the City of Baltimore, Inc. v. Riddick,* 751
F.Supp. 75 (D. Md. 1990).............................................................10

*Syntex Pharmaceuticals Int'l, Ltd. v. K-Line Pharmaceuticals,
Ltd.,* 905 F.2d 1525 (Fed Cir. 1990).............................................6

*Tivo Inc. v. EchoStar Commc'ns. Corp.,* 446 F. Supp. 2d 664
(E.D. Tex. 2006)............................................................................15

*United States v. Indrelunas,* 411 U.S. 216; 93 S.Ct. 1562; 36
L.Ed2 202 (1973).......................................................................5, 6

*Vantico Holdings, S.A. v. Apollow Mgmt., LP,* 247 F.Supp.2d
437 (S.P.N.Y. 2003) .....................................................................13

## Statutes

28 U.S.C. § 1292(c)(1)........................................................................5

28 U.S.C. § 1292(c)(2)............................................................ 1, 4, 5, 6

## Rules

F.R.C.P. 58.........................................................................................4

F.R.C.P. 62(c) .................................................................................1, 2

F.R.C.P. 79(a) ....................................................................................4

# I.   <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

Defendant/Counter-Plaintiff Tuffy Security Products, Inc. (hereinafter "Tuffy"), has requested that this Court stay any further proceedings on Bestop Inc.'s (hereinafter "Bestop") Motion for a Permanent Injunction.   However, Tuffy's Motion, as well as the appeal itself upon which the stay request is ostensibly based, are both in their own right and collectively so inherently flawed that Tuffy cannot possibly meet the four factors considered for staying proceedings pending appeal pursuant to F.R.C.P. 62(c).   Tuffy's own chosen authority presented in its Motion only further verifies this.

In terms of procedural background, on December 17, 2015, Tuffy filed its Notice of Appeal (*see* Doc. 167) of this Court's December 16, 2015 Opinion and Order.   *See* Doc. 166.   By that Opinion and Order, this Court granted Bestop's Motion for Summary Judgment, thereby ruling that U.S. Patent No. 6,065,794 held by Bestop ("the '794 Patent") was valid and enforceable, and that Tuffy had infringed.   *See* Doc. 166, p. 19.   As this Court is aware though, that Order was not a final appealable judgment pursuant to 28 U.S.C. § 1292(c)(2).[1]   Instead, it left open the request for injunctive relief by Bestop by only dismissing that request without prejudice, thus allowing for full briefing on the request.   Accordingly, the

---

[1] Bestop has therefore properly filed a Motion to Dismiss the appeal for lack of subject matter jurisdiction.

Opinion and Order simply cannot be a basis for seeking a stay of proceedings and Tuffy therefore cannot possibly succeed on that appeal.

Furthermore, while Tuffy's Motion seeks only to stay the proceedings of Bestop's Motion for Permanent Injunction, the Notice of Appeal instead addresses strictly this Court's December 16, 2015 ruling that Bestop's patents were valid and that Tuffy had infringed upon them. Tuffy thus cannot rely upon its appeal of that Order as a means to stay Bestop's permanent injunction proceedings. This is particularly so given that, once more, this Court's Order plainly is not final as no injunction has been granted yet. Indeed, Tuffy even asserts that the injunctive relief request was denied (albeit without prejudice). Tuffy therefore also cannot possibly suffer any irreparable harm if the stay request is not granted. Tuffy's claims of irreparable harm fail utterly in any event as they are not supported by any facts or by affidavit. Bestop, on the other hand, has fully demonstrated that it would suffer significant harm if such a stay is granted and that public interest demands that Tuffy be enjoined from further infringement. Finally, Tuffy likewise fails completely too even address the requirement that it post a bond in conjunction with its request pursuant to Rule 62.

For these reasons, as well as additional grounds provided herein, Tuffy is necessarily incapable of establishing the requirements of a Rule 62 Motion.

## II.   <u>TUFFY IS NOT ENTITLED TO A STAY OF THESE PROCEEDINGS</u>

Tuffy does not meet any of the requirements for obtaining a stay.  In ruling on motions to stay pending appeal, courts balance the four traditional factors governing requests for injunctive relief and therefore consider: (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.  *Grutter v. Bollinger,* 247 F.3d 631, 632 (6th Cir. 2001); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991).  The likelihood of success on the merits which must be demonstrated is inversely proportional to the irreparable harm that will be suffered without a stay. *Griepentrog,* 945 F.2d at 153.  Additionally, to the extent a judgment is issued, Tuffy would be required to post a bond with its request for a stay.  *See Callaghan v. SPX Corp.,* 2010 WL 299497 (E.D. Mich. Jan. 20, 2010). (**Exhibit A**).

Because Tuffy has not and cannot show that it meets any of the four elements for a stay, and has failed to even mention the bond requirement, this Court should deny Tuffy's Motion for a Stay.

### A.    Tuffy Has Failed To Make A Strong Showing That It Is Likely To Succeed On The Merits

Tuffy not made any kind of showing that its appeal could succeed, let alone a "strong" showing.  In fact, it is impossible for Tuffy to succeed on its appeal.

### 1.    Because Tuffy's Appeal Violates 28 U.S.C. § 1292(c)(2), Tuffy Cannot Possibly Succeed On That Appeal.

Tuffy's appeal is premature and violates 28 U.S.C. § 1292(c)(2).   Section 1292(c)(2) provides that:

> The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal District and is ***final except for an accounting.***

28 U.S.C. § 1292(c)(2) (emphasis added).  Whether a judgment is "final except for an accounting" turns on the "binding effect in disposing of the [patent infringement] question." *McCullough v. Kammerer Corp.,* 331 U.S. 96, 99; 67 S.Ct. 1165, 1167; 91 L.Ed. 1365; 73 USPQ 136, 138 (1947).  Section 1292(c)(2) still requires a judgment, not just the announcement of finding of fact and conclusions of law. *Cf. H.A. Jones Co. v. KSM Fastening Sys., Inc.,* 745 F.2d 630, 631; 223 USPQ 689 (Fed. Cir. 1984).

Furthermore, a judgment is not appealable unless entered in compliance with Rules 58 and 79(a) of the Rules of Civil Procedure.  Rule 58 specifically requires that "[e]very judgment shall be set forth on a separate document," without which

there is no judgment.  *United States v. Indrelunas,* 411 U.S. 216, 220; 93 S.Ct. 1562, 1564; 36 L.Ed2 202 (1973).  Rule 79(a) requires that, "orders, verdicts, and judgments shall be entered chronologically in the civil docket," and that the docket entry itself must dispose of the issues and state a final declaration of the result.  *See Rappaport v. United States,* 557 F.2d 605, 606 (7th Cir. 1977).

This Court's December 16, 2015 Order only provided that Bestop was entitled summary judgment on the validity and infringement questions.  No separate judgment was entered pursuant to Rule 58.  *See Indrelunas,* 411 U.S. at 220; 93 S.Ct. at 1564 (recognizing that because a separate document was never issued in connection with the court's findings, the related appeal was premature pursuant to Rule 58).  Furthermore, this Court never certified this case for appeal. *See Syntex Pharmaceuticals Int'l, Ltd. v. K-Line Pharmaceuticals, Ltd.,* 905 F.2d 1525, 1526 (Fed Cir. 1990) (holding that the Court of Appeals only holds jurisdiction over an order certified pursuant to 28 U.S.C. § 1292(c)(1), or a judgment otherwise appealable and final except for accounting, 28 U.S.C. § 1292(c)(2)).

The language and conclusions of the Order itself likewise make it abundantly clear that the Order was not final.  With respect to Bestop's request for injunctive relief, this Court specifically stated that it was, at that time, "unable to assess the merit of that request," and therefore purposely denied the request "WITHOUT

PREJUDICE." *See* Doc. 166, p. 19 (emphasis supplied). That it was not final is further borne out by Tuffy's own caselaw presented in its Motion to Stay, all of which only address the issue of whether the movant is likely to succeed on the merits of its appeal *after* an injunction had been granted. Whereas those respective appeals were proper, and this first requirement for a stay appropriately entertained, Tuffy's appeal violates § 1292(c)(2) and is intrinsically incapable of succeeding on the merits. Because Tuffy cannot satisfy this first requirement for obtaining a stay, its Motion must be denied.

> **2. Even if Tuffy's Notice of Appeal Was Not Premature, Tuffy Still Cannot Succeed On The Merits Of That Appeal.**

Tuffy has made no showing whatsoever that its appeal of this Court's December 16, 2015 Order could succeed.

Considerably more than a possibility of success must be shown. In fact, "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to [nonmoving party] if a stay is granted, he is still required to show, at a minimum, serious questions going to the merits" of the appeal. *Griepentrog,* 945 F.2d at 153 (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.,* 679 F.2d 100, 105 (6th Cir. 1982)).

Again, as provided above, Tuffy has not presented any questions that could even be properly addressed on appeal, let alone questions that are "serious" enough

to lend themselves to a likelihood of success on the merits.  The best that Tuffy does, and apparently can, offer in its Motion to Stay is that it filed objections to the recommendations of the Special Master and also filed a response to Bestop's Motion to Adopt those recommendations.  *See* Doc. 172, p. 9.  Of course, in rendering its December 16, 2015 ruling, this Court already considered those positions and rejected them.  This Court therefore granted Bestop's Motion for Summary Judgment, and denied Tuffy's Motion for Summary Judgment.  By merely pointing to arguments previously set forth and that, moreover, failed, Tuffy has provided absolutely nothing to this Court to suggest that it ruled in error.  *See Kia Motors Am., Inc. v. Glassman Oldsmobile Saab Hyundai, Inc.,* 2012 WL 1622983, at *2 (E.D. Mich. May 9, 2012) (**Exhibit B**) (holding that by providing no new points but instead merely repeating arguments previously made to and denied by the court, the stay movant cannot persuade a court that its order is likely to be reversed).

Accordingly, Tuffy has made no showing at all that its appeal would succeed and its Motion to Stay must be denied.

### B. Tuffy Has Not Been And Will Not Be Irreparably Harmed.

#### 1. No Injunctive Relief Has Been Granted.

Again, Bestop's Motion for a Permanent Injunction is still only in the briefing phase.  Not only does that incontrovertible fact render it impossible for

Tuffy to succeed on the merits of its appeal, it likewise precludes Tuffy from setting forth any plausible argument that it will suffer irreparable harm.

Tuffy presents no legal authority at all in this section of its Motion. However, other cases it cites to only further verify that without an injunction in place, Tuffy cannot claim irreparable harm from mere further briefing. Indeed, a stay may only be appropriate, "where the threat of irreparable injury to the applicant is immediate and substantial." *St. Agnes Hosp. of the City of Baltimore, Inc. v. Riddick,* 751 F.Supp. 75, 76 (D. Md. 1990) (quoting *Goldstein v. Miller,* 488 F.Supp. 156, 173 (D. Md. 1980)). Tuffy's claim that it "*could* suffer irreparable harm from a *potential* imposition of an injunction which the pending appeal *may* well show to be inappropriate" clearly falls well short of that standard. *See* Doc. 172, p. 6 (emphasis added). Bottom line, there is currently no threat to Tuffy, let alone an "immediate and substantive" one. Incredibly, Tuffy has even asserted in its Motion to Stay that this Court has already denied Bestop's request for injunctive relief. *See* Doc. 172, p.8. Where Tuffy believes its irreparable harm will arise from is a mystery.

### 2. Tuffy's Allegations Of Irreparable Harm Are Entirely Insufficient.

Even if an injunction was in place, Tuffy still fails to adequately demonstrate how it will suffer irreparable harm if its stay request is not granted. Instead, Tuffy merely offers that if a stay is not granted, its ability to finance this litigation will be

hampered, and that it is simply too much of a burden for its counsel to have to pay attention to both these District Court proceedings as well as those in the Appellate Court initiated entirely by Tuffy. *See* Doc. 172, pp. 9-10. Naturally, these assertions are by no means grounds for causing irreparable harm. Again looking to Tuffy's own cited authority, "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Baker v. Adams Cty./Ohio Valley Sch. Bd.,* 310 F.3d 927, 930 (6th Cir. 2002) (quoting *Sampson v. Murray,* 415 U.S. 61, 90; 94 S.Ct. 937; 39 L.E.2d 166 (1974)).

Tuffy also contends in a general and conclusory fashion that the lack of a stay, would "essentially" put it out of business and "may prove to have a negative impact on [its] ability to stay in business long term." *See* Doc. 172, p. 9. However, a movant seeking a stay and alleging irreparable harm must address: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Kia Motors,* 2012 WL 1622983, at \*2 (**Exhibit B**) (quoting *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n.,* 812 F.2d 288, 290 (6th Cir. 1987). Moreover, when addressing these factors, the movant must "provid[e] specific facts and affidavits supporting assertions that these factors exist." *Griepentrog,* 945 F.2d at 154 (citing *Ohio ex rel. Celebrezze,* 812 F.2d at 290). Tuffy has obviously provided neither specific facts nor affidavits

supporting its claim of irreparable harm.  Furthermore, with respect to Tuffy's vague claim that it would "essentially" be put out of business, such financial doom does not necessarily constitute irreparable harm in any event and it definitely cannot constitute irreparable harm when such claim is not substantiated with any evidence as to how and why it would go out of business.  *See Manakee Prof'l Med. Transfer Serv., Inc. v. Shulala,* 71 F.3d 574, 581 (6th Cir. 1995).

It also bears repeating here that Tuffy is specifically seeking a stay of the injunctive relief proceedings.  However, its Notice of Appeal seeks review of only this Court's Order regarding validity and infringement.  No mention is even made of injunctive relief.  *See* Doc. 167, p. 2.  It is therefore entirely disingenuous for Tuffy to complain that it will suffer irreparable harm if a stay is not granted over injunctive proceedings when it has not even attempted to appeal the issue.

Tuffy has failed completely to demonstrate that it will be irreparably harmed if a stay is not granted.

## C.  **Bestop Will Be Irreparably Harmed By A Stay And Tuffy Has Not Established Otherwise.**

Tuffy must also show that Bestop will not be substantially harmed by a stay.  However, Tuffy's attempt at doing so amounts to nothing more than citing and quoting from one case in which no stay was even sought or addressed *(see Vantico Holdings, S.A. v. Apollo Mgmt., LP,* 247 F.Supp.2d 437 (S.D.N.Y. 2003)) and by insisting in rather confusing fashion that Bestop will only be precluded from a "do

over" if a stay is granted.  *See* Doc. 172, pp. 10-11.  Tuffy adds that Bestop is also simultaneously dealing with the pleadings before this Court as well as those in the Federal Circuit and is therefore "burning a candle at both ends."  *See* Doc. 172, p. 11.

It is of course pointless for Tuffy to reference the Appellate proceedings in the Federal Circuit. That action was initiated by Tuffy and, as provided above, is a premature and therefore wasteful proceeding by Tuffy.  Furthermore, Tuffy's assertion that Bestop will only be disallowed a "do over" in the event a stay is granted clearly does not come close to establishing that Bestop will not be substantially harmed by a stay.  This is especially so given that this Court invited Bestop to file its separate motion for a permanent injunction by only dismissing the request "without prejudice."  There is also significant evidence that Bestop will be irreparably harmed by any delay of an injunction prohibiting Tuffy from further and continued infringement of the '794 Patent.

As provided in Bestop's Motion for Permanent Injunction, Bestop has already lost and will continue to lose market share due to Tuffy's infringing.  "Loss of market share is a key consideration in determining whether a plaintiff has suffered irreparable harm" because "[u]nder such circumstances…it is impossible to determine the portions of the market the patent owner would have secured but for the infringer."  *Black & Decker, Inc. v. Robert Bosch Tool Corp.,* 2006 WL

3446144, at *4 (N.D. Ill. Nov. 29, 2006) (**Exhibit C**) (quotation and citation omitted); *see also Tivo Inc. v. EchoStar Commc'ns. Corp.,* 446 F.Supp.2d 664, 669-70 (E.D. Tex. 2006) (finding irreparable harm based on the plaintiff's loss of market share as a result of sales of the defendants' infringing products).  Now, in light of the recent ruling in *Apple Inc. v. Samsung Elec. Co., Ltd.,* 2015 WL 9014387, at *5 (Fed.Cir. 2015) (**Exhibit D**), Bestop only has to show "some connection" between its patented features and the demand for Tuffy's products.  In other words, Bestop merely needs to show that "the patented features impact consumer decisions to purchase" Tuffy's products.  *Id.*  Bestop easily meets this standard by, as explained in greater detail in Bestop's Motion for a Permanent Injunction, demonstrating that Tuffy is a direct competitor of Bestop for security enclosures and by further referencing this Court's conclusion that Bestop's claims cover the entire product.  Bestop has also established that Tuffy has profited considerably from its sales of the infringing product to Bestop's detriment and that Bestop's reputation has also been damaged.  *See* Doc. 169, pp. 6-9.  If a stay is granted, this irreparable harm will undoubtedly continue.  Tuffy therefore cannot demonstrate that Bestop will not suffer irreparable harm if the stay is granted.

### D.    The Public Interest Does Not Favor A Stay.

The public interest strongly favors this Court entering an order enjoining Tuffy from further infringement as soon as possible.  Once more citing to no

authority, Tuffy claims that an injunction would deprive the public of the benefits of competition.  Tuffy is simply wrong.  First, there are multiple other competitors selling non-infringing enclosures.  Tuffy can also still sell many other types of enclosures, as can other companies.  The public will therefore still see the benefits of healthy competition.  Furthermore, "the public generally does not benefit when that competition comes at the expense of a patentee's investment-backed property right." *Apple, Inc.,* 2015 WL 9014387, at *10 (**Exhibit D**).  "In general, public policy favors the enforcement of patent rights."  *Black & Decker, Inc. v. Robert Bosch Tool Corp.,* 2006 WL 3446144, at *5 (N.D. ILL. Nov. 29, 2006) (**Exhibit C**).

The public interest therefore weighs heavily in favor of Bestop's injunctive relief not being delayed by a stay.

### E.   Tuffy Has Not Even Addressed The Requirement Of Filing A Bond.

Even if a judgment had been entered (which it has not) or to the extent one is issued, Tuffy would have to post a bond as part of its request for a stay.  Tuffy ignores this issue altogether.  However, a party facing judgment may protect its interest by requesting a stay in the enforcement of that judgment "contingent upon the posting of a court approved supersedeas bond."  *Hamlin v. Charter Twp. Of Flint,* 181 F.R.D. 348, 351 (E.D. Mich. 1998).  In general, courts require that a supersedeas bond be posted before allowing a stay in judgment. *EB-Bran Prods.,*

13

*Inc. v. Warner Electra Atl., Inc.,* 2006 WL 932085 (E.D. Mich. Apr. 10, 2006)

(**Exhibit E**).  Without even attending to this issue, for this reason as well, Tuffy's

request for a stay is improper and should be denied.

## III.     <u>CONCLUSION</u>

Tuffy has failed to establish any of the requirements for obtaining a stay and

thus has not provided this Court with anything to balance in considering Tuffy's

Motion.  Bestop therefore asks this Court to **DENY** Tuffy's Motion for a Stay of

Proceedings.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: <u>January 28, 2016</u>                By:  <u>/s/Jeffrey A. Sadowski</u>
                                                        Jeffrey A. Sadowski (P28163)
                                                        Dean W. Amburn (P46427)
                                                450 West Fourth Street
                                                Royal Oak, Michigan 48067-2557
                                                Phone:  (248) 645-1483 | Fax: (248) 645-1568
                                                Email: JSadowski@HowardandHoward.com
                                                          DAmburn@HowardandHoward.com

*Attorneys for Plaintiff/Counter-Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 28, 2016 he filed *Plaintiff/Counter-Defendant Bestop, Inc.'s Response in Opposition to Defendant/Counter-Plaintiff Tuffy Security Products, Inc.'s Motion for Stay Pending Appeal [Doc. 172]* along with this accompanying *Certificate of Service* using the CM/ECF Filing system, which generated a Notification of Electronic Filing to all persons currently registered with the Court in the above-referenced matter.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: <u>January 28, 2016</u>

By:  <u>/s/ Jeffrey A. Sadowski</u>
        Jeffrey A. Sadowski (P28163)
        Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone:  (248) 645-1483 | Fax: (248) 645-1568
Email: JSadowski@HowardandHoward.com
        DAmburn@HowardandHoward.com

*Attorneys for Plaintiff/Counter-Defendant*

4822-3890-0012, v. 2

15