# Exhibit A

2010 WL 299497
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Michigan,
Southern Division.

Timothy O'CALLAGHAN, Plaintiff,

v.

SPX CORPORATION, a Delaware Corporation, Defendant.

No. 2:09–cv–10196.
|
Jan. 20, 2010.

**Attorneys and Law Firms**

Brian M. Barkey, Flint, MI, for Plaintiff.

Ari W. Lehman, Bodman LLP, Detroit, MI, G. Christopher Bernard, Bodman, Ann Arbor, MI, for Defendant.

*Order Granting in Part and Denying in Part (# 22) Defendants' Motion to Stay Execution Pending Appeal and Waive Supersedeas Bond Requirement Under Federal Rule 62(d)*

GEORGE CARAM STEEH, District Judge.

 *1 The matter currently before the court is Defendant's "Motion To Stay Execution Pending Appeal And Waive Supersedeas Bond Requirement Under Federal Rule 62(d)." For the reasons stated below, the court grants in part and denies in part defendants motion.

**I. Background**
On November 23, 2009, the court entered its order and judgment granting plaintiff's motion for judgment on the administrative record. Defendant filed its appeal on December 18, 2009. Including prejudgment interest and anticipated post-judgment interest, defendant is liable for roughly $300,000 (the judgment against defendant stands at nearly $259,000). In this present motion, defendant seeks to stay enforcement of the judgment and waive the supersedeas bond requirement under Fed.R.Civ.P. 62(d).

**II. Analysis**
In situations such as this, a party facing judgment may protect its interests by requesting a stay in the enforcement of the judgment "contingent upon the posting of a court approved supersedeas bond." *Hamlin v. Charter Twp. Of Flint,* 181 F.R.D. 348, 351 (E.D.Mich.1998). Courts generally require a supersedeas bond before allowing a stay in judgment. *EB–Bran Prods. v. Warner Electra Atl. Inc.,* 2006 U.S. Dist. LEXIS 45198, *7 (E.D.Mich.2006) (Hood, J.).

Defendant argues that a supersedeas bond is unnecessary because it is a financially secure corporation with $5.7 billion dollars in assets and $438 million dollars in cash on hand. In other words, it can be counted on to pay the judgment, if and when that day comes. Defendant's argument, however, cuts both ways, for in the same way its wealth may give some assurance of future payment, defendant's wealth also makes a supersedeas bond little more than a minor inconvenience. Further, as O'Callaghan notes, the dramatic demise of corporations such as General Motors and Chrysler, make future assurances of payment somewhat hollow. In these troublesome economic times, such assurances are less reliable than in times past. Accordingly, the defendant's assurances that its financial resources make a supersedeas bond unnecessary are unavailing. As the *Hamlin* Court observed:

> waiving the bond on this factor alone ignores the dual protections Rule 62(d) is designed to provide the appellee. Waiving the bond requirement would deprive [the appellee] of his right to execute the judgment immediately, without providing him the protection to which he is entitled. Rule 62(d)'s bond requirement serves as a substantial function in balancing the parties' interest and is not a mere formality that should be waived simply because the losing party has adequate funds to satisfy the judgment. Ideally, losing parties will always have sufficient funds to pay the award, but if this fact were enough to waive the bond requirement, the bond

requirement would essentially be a nullity.

*EB–Bran Prods,* 2006 U.S. Dist. LEXIS at *7–8 (quoting *Hamlin,* 181 F.R.D. at 353). Thus, the court will require defendant to furnish the bond to obtain a stay..

**\*2** Generally, courts require that the supersedeas bond include the judgment, pre and post judgment interest, anticipated appellate costs, and damages for delay caused by the appeal. *See EB–Bran Prods,* 2006 U.S. Dist. LEXIS at *8 (citing *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979). The court anticipates that $300,000 will sufficiently protect plaintiff's interests, as defendant's appeal proceeds. The supersedeas bond shall be filed within 14 days of the date of this Order in this district.

WHEREFORE, IT IS HEREBY ORDERED that defendant's motion to forego filing of a supersedeas bond is DENIED; defendant's motion to stay execution of the judgment pending appeal is unconditionally GRANTED. This court's November 23, 2009 order and judgment (# 15, # 16) shall be stayed upon filing of a supersedeas bond in the amount of $300,000, pursuant to this court's direction, within 14 days from the date of this Order.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 299497

---

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2016 Thomson Reuters. No claim to original U.S. Government Works.  2