UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BESTOP, INC.,

    Plaintiff,

v.

TUFFY SECURITY PRODUCTS, INC.,

    Defendant.
                                           /

Case No. 13-10759

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL [172]**

This matter comes before the Court on Defendant's motion to stay Plaintiff's request for a permanent injunction pending appeal. For the reasons stated below, Defendant's motion to stay is DENIED.

**I.    Background and Procedural Facts**

On December 16, the Court entered an opinion and order granting Plaintiff's motion for summary judgment of infringement and validity. (Dkt. 166.) In light of the Court's inability to assess Plaintiff's request for an injunction, the Court denied that request without prejudice. (*Id.*) The next day, Defendant filed a notice of appeal.[1] (Dkt. 167.) On December 31, Plaintiff filed a motion and supporting brief seeking a permanent injunction in light of the Court's finding of infringement. (Dkt. 169.) On January 11, Defendant moved the Court to stay Plaintiff's request for a permanent injunction pending appeal. (Dkt. 172.)

---

[1] Plaintiff notes it has filed a motion to dismiss the appeal for lack of subject matter jurisdiction. (Dkt. 174.)

**II.     Analysis**

As both parties acknowledge, courts consider four factors in determining whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Applying the *Hilton* factors, the Court is not persuaded that a stay is warranted here. First, while arguing that the Court "may grant a stay even if it has confidence in its ruling," and need only find "serious questions going to the merits," Defendant has made no such showing of serious questions going to the merits. (Dkt. 172, at 8-9.) In fact, Defendant's only argument regarding the first *Hilton* factor is reference to the fact that it previously filed objections to the Special Master's recommendations and a brief in response to Plaintiff's motion to adopt those recommendations. (*Id.* at 9.) Defendant points only to arguments that the Court has already considered and rejected, and as such, the Court is not persuaded that it should find, even at a minimum, serious questions going to the merits. *See Kia Motors Am., Inc. v. Glassman Oldsmobile Saab Hyundai, Inc.*, No. 11-12090, 2012 WL 1622983, at *2 (E.D. Mich. May 9, 2012).

As for the second factor, Defendant contends an injunction would "essentially put Defendant out of business pending the appeal," which will limit its ability to prosecute the appeal. (Dkt. 172, at 9.) Defendant's contention is speculative and conclusory—it is not supported by any evidence or even any more detailed argument. The Sixth Circuit requires

harm alleged to be "both certain and immediate" and not "speculative or theoretical." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). A movant "must provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.* While the potential to go out of business is serious and could amount to irreparable harm, Defendant has failed to show how such harm will be immediate and certain, especially in light of the fact that no injunction has been issued yet.

Defendant's argument with regard to the third factor is limited to arguing that Plaintiff should not get a "do-over" and that a stay will only result in "potential, minimal, temporary harm to the Plaintiff which, if necessary after appeal, could be addressed in the damages phase after appeal." (Dkt. 172, at 11.) Plaintiff responds that it has "already lost and will continue to lose market share due to [Defendant's] infringing." (Dkt. 174, at 18.) Plaintiff states further that in light of the Court's finding of infringement, it only has to show "some connection" between its patented features and the demand for Defendant's products in order to show it is suffering irreparable harm. (*Id.* at 18-19.) Defendant has not convinced the Court that this factor weighs in favor of a stay at this time.

Lastly, with regard to the public interest, Defendant contends a stay will result in maintaining competition in the market for trunk enclosures, which it claims is beneficial for consumers. (Dkt. 172, at 11.) However, "the public generally does not benefit when [] competition comes at the expense of a patentee's investment-backed property right." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 809 F.3d 633, 647 (Fed. Cir. 2015). Again, the Court does not find that this fourth and final factor weighs in favor of granting Defendant's motion for a stay.

### III. Conclusion

For the above-stated reasons, the Court DENIES Defendant's motion for a stay of proceedings pending their appeal. Plaintiff's motion for a permanent injunction is set for hearing on **April 21, 2016 at 10:00 a.m.**

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2016, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager