UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bestop, Inc.,

    Plaintiff,

v.

Tuffy Security Products, Inc.,

    Defendant.

_____/

Case No. 13-10759

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION AND AN ACCOUNTING [169]**

This matter comes before the Court on Plaintiff's motion for a permanent injunction and an accounting against Defendant. For the reasons stated herein, Plaintiff's motion is GRANTED.

**I.    BACKGROUND**

On December 16, 2015 the Court entered an opinion and order granting Plaintiff's motion for summary judgment of patent infringement. (Dkt. 166.) The patent at issue, U.S. Patent No. 6,065,794 ('794 Patent), is titled "Security Enclosure for Open Deck Vehicles." The patent relates to storage management devices, or "trunk enclosures," that partition and establish a lockable trunk in the rear of convertible vehicles. In its December 16 order and opinion, the Court determined that Plaintiff's '794 Patent was valid and that Defendant's accused products (Part Nos. 275, 282, 286, 296, 297, 299, and 310) infringed it. (Dkt. 166.) Because the parties did not address the four-factor framework required to determine whether permanent injunctive relief was appropriate, the Court denied without prejudice Plaintiff's request for a permanent injunction. (*Id.*) On

December 31, Plaintiff filed this motion for permanent injunctive relief pursuant to Section 283 of the Patent Code in light of the Court's finding of infringement. (Dkt. 169.) Plaintiff also requests that the Court order an accounting to ascertain the amount of damages caused by the infringement pursuant to 35 U.S.C. § 284.

## II. ANALYSIS

Pursuant to 35 U.S.C. § 283, the Court has authority to grant a permanent injunction prohibiting Defendant from further infringing the '794 Patent. A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief; that is, the plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The Court addresses each factor, below.

### A. Irreparable Injury

The first *eBay* factor considers whether Plaintiff has suffered irreparable harm due to the infringement. Irreparable injury "encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013). Plaintiff must also show that a "causal nexus" relates the alleged harm to the alleged infringement (*i.e.*, that the infringement causes the harm). *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633, 639 (Fed. Cir. 2015). The purpose of this

requirement is "to ensure that there is 'some connection' between the harm alleged and the infringing acts." *Id.* at 640 (internal citation omitted).

Plaintiff argues it has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement. Specifically, Plaintiff argues that because Defendant is a direct competitor, Plaintiff has lost sales and market share due to Defendant's infringement.[1] (Dkt. 169, at 16-18.) "Where two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions." *Douglas Dynamics*, 717 F.3d at 1345. *See also Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without the right to exclude."). To demonstrate that the parties were in direct competition, Plaintiff points to testimony by Defendant's corporate representative establishing that Defendant's and Plaintiff's security enclosure products were offered for sale on many of the same web sites. (*See* Dkt. 162, at 123-153.) Exhibit P attached to Defendant's response brief further suggests that the parties' products were in direct competition. (Dkt. 173-17 ("Jeep Wrangler Forum Discussion" showing one potential customer comparing Plaintiff's product with Defendant's product and seeking customer feedback on each).) The evidence of direct competition weighs in favor of finding irreparable harm. *Apple*, 809 F.3d at 641. In addition, Plaintiff has not granted any

---

[1] Plaintiff also argues it has suffered irreparable harm due to damage to its reputation; however, Plaintiff has put forth no evidence in support of this argument. (Dkt. 169, at 18-19.)

3

licenses for the '794 Patent. (Dkt. 176, at 6-7.) This, too, favors finding irreparable injury. *See Presidio Components*, 702 F.3d at 1363 ("unwillingness to license favor[s] finding irreparable injury").

Defendant argues Plaintiff cannot show irreparable harm because it has not demonstrated that customers purchase the infringing devices *because of* the patented features; therefore, Defendant argues, Plaintiff has failed to satisfy the "causal nexus" requirement.[2] (Dkt. 173, at 15-18.) But this argument is flawed, as it relies on an incorrect standard for the causal nexus inquiry. The Federal Circuit recently addressed the causal nexus requirement and held that it is not necessary to show that the infringing features "drive consumer demand for [the defendant's] infringing products." *Apple*, 809 F.3d at 641. Rather, the Federal Circuit clarified that the causal nexus text is a flexible analysis and a patentee need only show "some connection" between the patented features and the demand for the infringing products. *Id.*

Here, in light of the finding that Defendant's products infringe the '794 Patent, the evidence of direct competition, and the fact that Plaintiff has not licensed the '794 Patent, the Court finds Plaintiff has sufficiently shown it has suffered an irreparable injury.

### B. Money Damages are Inadequate

The second *eBay* factor requires the Court to consider whether remedies available at law, such as monetary damages, are inadequate to compensate for the harm

---

[2] Defendant also argues there is no irreparable harm because Plaintiff has withdrawn its competing products from the market. (Dkt. 173, at 21-22.) Plaintiff responds, however, that this is incorrect, and it has merely re-numbered its products. (Dkt. 176, at 5.)

suffered by the patentee. Plaintiff argues that money damages would be inadequate and that an injunction is the only way to provide complete relief. (Dkt. 169, at 19-20.) Defendant responds that Plaintiff has presented no evidence showing why remedies available at law—such as a reasonable royalty—would be inadequate. (Dkt. 173, at 24-28.)

The essential attribute of a patent is that it provides a right to exclude competitors from infringing. *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008). As Plaintiff argues, this "weighs against holding that monetary damages will [] suffice to make the patentee whole." (Dkt. 169, at 19.) *See also Black & Decker, Inc. v. Robert Bosch Tool Corp.*, No. 04 C 7955, 2006 WL 3446144, at *3 (N.D. Ill. Nov. 29, 2006) ("a patent owner's right to exclude 'cannot be compensated through monetary damages ... because it is impossible to determine the portions of the market the patent owner would have secured but for the infringer or how much damage was done to the patent owner's brand recognition or good will due to the infringement.'"). In addition, as discussed above, Plaintiff states it has not granted any licenses to use its '794 Patent, further supporting its claim that money damages would be inadequate. (Dkt. 176, at 6-7.)

Defendant recently informed the Court that it has undertaken substantial efforts to discontinue the accused products and replace them with re-designed products.[3] (Dkt. 178.) Defendant claims it now has no financial or other incentive to return to the original designs because its new designs result in "significantly reduced packaging costs with

---

[3] The Court notes, however, that is not clear whether the re-designed products would also infringe the '794 Patent. The Court denies Defendant's request for a six-month "sunset" grace period to "ensure that all accused products are cleared from its distribution chain." (Dkt. 178, at 5.)

limited increase in manufacturing cost." (*Id.* at 5, n.4.) Still, there is no evidence that Defendant is incapable of returning to manufacturing the infringing designs. *See, e.g.*, *Bard Mfg. Co. v. Crispaire Corp.*, No. 3:95CV7103, 1999 WL 1495191, at *3 (N.D. Ohio Sept. 8, 1999). The Court agrees with Plaintiff that money damages would be inadequate here, and this factor weighs in favor of granting the motion for a permanent injunction.

### C. Balance of Hardships

For the third *eBay* factor, the Court must assess "the relative effect of granting or denying an injunction on the parties." *Apple Inc.*, 809 F.3d at 645 (internal citation omitted). Where, as here, Defendant's infringement has "forc[ed] [Plaintiff] to compete against its own patented invention," there is substantial hardship on Plaintiff. *Id.* at 646. Moreover, Defendant's recently submitted status report states Defendant has already undertaken efforts to take the infringing products out of distribution. (Dkt. 178, at 3-5.) The Court finds that the harm caused by future infringement outweighs any hardship that Defendant may experience. Therefore, this factor weighs in favor of Plaintiff.

### D. Public Interest

The fourth and final *eBay* factor asks whether the public interest would be disserved by a permanent injunction. Defendant argues the public interest would be disserved by an injunction because the products have distinct features. That is, the public would be "deprived of access to [Defendant's] unique features should a permanent injunction issue." (Dkt. 173, at 32.) As this Court has stated, however, although the public often benefits from "healthy competition," the public "generally does

6

not benefit when [] competition comes at the expense of a patentee's investment-backed property right." (Dkt. 175, at 3 (citing *Apple Inc.*, 809 F.3d at 647).) Moreover, "public policy favors the enforcement of patent rights." *Abbott Labs. v. Andrx Pharms., Inc.* 452 F.3d 1331, 1348 (Fed. Cir. 2006). In light of the finding of infringement, the public interest will not be disserved by a permanent injunction because it allows Plaintiff to enforce its patent rights. This factor thus supports Plaintiff's motion for a permanent injunction.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for a permanent injunction and an accounting. It is hereby ORDERED that Defendant is permanently enjoined from further infringement of the '794 Patent and Defendant shall provide an accounting including its updated sales information and financial records to date for the infringing products within thirty days of the entry of this order. This cause is hereby scheduled for trial on damages, willfulness, and any remaining issues in this case to take place on August 16, 2016 at 9:00 a.m.  Final Pretrial scheduled on July 28, 2016 at 2:00 p.m. (parties and trial counsel to be physical present).

SO ORDERED.

> S/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated:  April 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2016, by electronic and/or ordinary mail.

> S/Carol J. Bethel
> Case Manager