# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BESTOP, INC.,

     Plaintiff/Counter-Defendant,

v.

TUFFY SECURITY PRODUCTS, INC.,

     Defendant/Counter-Plaintiff.

Case No. 2:13-cv-10759-NGE-MJH
Honorable Nancy G. Edmunds
Magistrate Judge Michael J. Hluchaniuk

---

HOWARD & HOWARD ATTORNEYS PLLC
By:    Jeffrey A. Sadowski (P28163)
       Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone:  (248) 645-1483 | Fax: (248) 645-1568
Email: JSadowski@HowardandHoward.com
       DAmburn@HowardandHoward.com

***Attorneys for Plaintiff/Counter-Defendant***

COTÈ LEGAL SERVICES
By:    Matthew D. Cotè (P74430)
884 Beaconsfield Avenue
Grosse Pointe Park, Michigan 48230
Phone:  (313) 332-1234
Email:  Matt@Cote-Law.com

By:    Ramon L. Pizarro (CO21400)
3515 South Tamarac Drive, Suite 200
Denver, Colorado 80237
Phone: (303) 785-2819 | Fax: (303) 689-9627
Email: Ramon@RamonPizarro.com

***Attorneys for Defendant/Counter-Plaintiff***

---

# PLAINTIFF/COUNTER-DEFENDANT BESTOP, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT/COUNTER-PLAINTIFF TUFFY SECURITY PRODUCTS, INC.'S REQUEST TO CERTIFY APPEALABILITY UNDER 28 U.S.C. § 1292(c)(2) AND STAY ACCOUNTING PROCEEDING PENDING APPEAL [DOC. 180]

# TABLE OF CONTENTS

I.    INTRODUCTION AND FACTUAL BACKGROUND .............................1

    A.    Certification of the Appeal is not Appropriate Here
         and Is Ineffective As a Matter of Circuit Court
         Jurisdiction Here...................................................................1

    B.    A Stay is Not Appropriate....................................................2

II.   TUFFY IS NOT ENTITLED TO A STAY OF THESE
    PROCEEDINGS.........................................................................2

III.  CONCLUSION...........................................................................4

## TABLE OF EXHIBITS

**Exhibit A**
   *Nartron v. Borg Indak*, 2012-1292 (Fed. Cir. 2012)..............................................1

## COUNTER-STATEMENT OF THE ISSUES PRESENTED

I.  Is this case ripe for appeal under 28 U.S.C. § 1292(c)(2)?

**Defendant/Counter-Plaintiff answers, "Yes."**
**Plaintiff/Counter-Defendant answers, "Do Not Know."**
**This Court should answer, "No" or "Not Participate in the Process."**

II.  Should this Court stay the accounting proceedings pending Defendant's appeal of the issue of liability?

**Defendant/Counter-Plaintiff answers, "Yes."**
**Plaintiff/Counter-Defendant answers, "No."**
**This Court should answer, "No."**

## CONTROLLING AUTHORITY

February 9, 2016 Order Denying Defendant's Motion for Stay
Pending Appeal [172] [Doc. 175] ..........................................................................2

## **Cases**

*Syntex Pharm. v. K-Line Pharm.,* 905 F. 2d 1525 (Fed. Cir.
1990) ..............................................................................................................1

*Teller Envtl. Sys., Inc. v. United States,* 802 F.2d 1385 (Fed.
Cir. 1986) ......................................................................................................1

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Syntex Pharm. v. K-Line Pharm.,* 905 F. 2d 1525 (Fed. Cir. 1990)..................................................................................................1

*Teller Envtl. Sys., Inc. v. United States,* 802 F.2d 1385 (Fed. Cir. 1986)..................................................................................................1

## <u>Statutes</u>

28 U.S.C. § 1292............................................................................................3

28 U.S.C. § 1292(c)(2)....................................................................................4

## I.     INTRODUCTION AND FACTUAL BACKGROUND

### A.     Certification of the Appeal is not Appropriate Here and Is Ineffective As a Matter of Circuit Court Jurisdiction Here.

Defendant requests certification here as an "appropriate" appeal to the Court of Appeals for the Federal Circuit.  If this is an "appropriate" appeal, then the Federal Circuit will decide its own jurisdiction and take the appeal. If this appeal is "not appropriate," then the Federal Circuit will defer the appeal until an appropriate time.  There is nothing here for the District Court to decide in this context since an injunction has issued, albeit it is not being obeyed.  In the past, the Federal Circuit has generally raised jurisdictional questions relating to finality, the need for a document entitled "Judgment," whether willful infringement is part of liability or damages to determine an interlocutory opinion in a patent case was not final except for an accounting, and other issues in deferring appeals for lack of interlocutory jurisdiction in patent cases, whether or not certified by the District Court. *See, for example, Syntex Pharm. v. K-Line Pharm.,* 905 F. 2d 1525, 1526 (Fed. Cir. 1990); *Teller Envtl. Sys., Inc. v. United States,* 802 F.2d 1385 (Fed. Cir. 1986); *Nartron Corp. v. Borg Indak, Inc.,* Appeal No. 2012-1292 (Fed. Cir. 2012), attached as **Exhibit A**.

Whether the opinion is "for publication" or "not for publication," the result is the same in the Court of Appeals for the Federal Circuit in that it becomes that Court's decision regardless of whatever this Court decides.  Although Defendant

never requested a stipulation here from Plaintiff, it is apparent that none could have been given with any efficacy. Similarly, any certification by the Court here will be without any actual effect, since the Court of Appeals will make its decision independently of whatever this Court decides or does not decide to do.

It is suggested that no certification be provided here and allow the Court of Appeals to make its decision *sua sponte* since that is what it is going to do anyway.

### B. A Stay is Not Appropriate.

As an initial matter, this Court has already ruled on this motion on February 9, 2016. Secondly, there is less support provided here than there was even in that earlier motion. Third, Defendant does not even provide the elements of the decision it is requesting (even though the Court provided them in the February 9, 2016 Opinion denying this stay request), and does not support any of the elements anyway.

## II. TUFFY IS NOT ENTITLED TO A STAY OF THESE PROCEEDINGS

As reflected in the February 9, 2016 Order Denying Defendant's Motion for Stay Pending Appeal [172] [Doc. 175]:

> Applying the *Hilton* factors, the Court is not persuaded that a stay is warranted here. First, while arguing that the Court "may grant a stay even if it has confidence in its ruling," and need only find "serious questions going to the merits," Defendant has made no such showing of serious questions going to the merits. (Dkt. 172, at 8-9).

*    *    *

2

As for the second factor, Defendant contends an injunction would "essentially put Defendant out of business pending the appeal," which will limit its ability to prosecute the appeal. (Dkt. 172, at 9). Defendant's contention is speculative and conclusory—it is not supported by any evidence or even any more detailed argument.

*        *        *

Defendant's argument with regard to the third factor is limited to arguing that Plaintiff should not get a "do-over" and that a stay will only result in "potential, minimal, temporary harm to the Plaintiff which, if necessary after appeal, could be addressed in the damages phase after appeal." (Dkt. 172, at 11). Plaintiff responds that it has "already lost and will continue to lose market share due to [Defendant's] infringing." (Doc. 174, at 18). Plaintiff states further that in light of the Court's finding of infringement, it only has to show "some connection" between its patented features and the demand for Defendant's products in order to show it is suffering irreparable harm. (*Id.* at 18-19.) Defendant has not convinced the Court that this factor weighs in favor of a stay at this time.

Lastly, with regard to the public interest, Defendant contends a stay will result in maintaining competition in the market for trunk enclosures, which it claims is beneficial for consumers. (Dkt. 172, at 11.) However, "the public generally does not benefit when [] competition comes at the expense of a patentee's investment-backed property right."

Nothing has changed in Defendant's presentation in this Motion for Stay, except there is even less support and less argument. The issues here have already been decided.

## III.   <u>CONCLUSION</u>

Tuffy has provided no reason for the Court to certify the appeal.  If it is appropriate under 28 U.S.C. § 1292, then the Court of Appeals will take jurisdiction over any such appeal.  If not, no certification will aid in that regard.

Also, Defendant Tuffy has failed to establish any of the requirements for obtaining a stay and thus has not provided this Court with anything to balance in considering Tuffy's Motion, in addition to the fact that this Court has already denied this request on February 9, 2016.

Plaintiff Bestop therefore asks this Court to **DENY** Tuffy's Request to Certify Appealability Under 28 U.S.C. § 1292(c)(2) and Stay Accounting Proceeding Pending Appeal [Doc. 180] in all respects.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: <u>May 18, 2016</u>

By:  <u>/s/Jeffrey A. Sadowski</u>
     Jeffrey A. Sadowski (P28163)
     Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone:  (248) 645-1483 | Fax: (248) 645-1568
Email: JSadowski@HowardandHoward.com
       DAmburn@HowardandHoward.com

*Attorneys for Plaintiff/Counter-Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 18, 2016 he filed *Plaintiff/Counter-Defendant Bestop, Inc.'s Response in Opposition to Defendant/Counter-Plaintiff Tuffy Security Products, Inc.'s Request to Certify Appealability Under 28 U.S.C. § 1292(c)(2) and Stay Accounting Proceeding Pending Appeal [Doc. 180]* along with this accompanying *Certificate of Service* using the CM/ECF Filing system, which generated a Notification of Electronic Filing to all persons currently registered with the Court in the above-referenced matter.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: <u>May 18, 2016</u>

By: <u>/s/ Jeffrey A. Sadowski</u>
    Jeffrey A. Sadowski (P28163)
    Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 645-1568
Email: JSadowski@HowardandHoward.com
      DAmburn@HowardandHoward.com

*Attorneys for Plaintiff/Counter-Defendant*

4842-0006-1489, v. 1